UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL W. SCHOOLMAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.   2:16-cv-6292 |
| | ) | |
| FORSTER & GARBUS LLP, | ) | |
| | ) | |
| *Defendant.* | ) | |

**COMPLAINT WITH
DEMAND FOR JURY TRIAL**

INTRODUCTION

1.   This action arises under the Fair Debt Collection Practices Act ("FDCPA"), codified as amended at 15 U.S.C. § 1692, et seq., and centers on the conduct of the defendant, a debt collector, during the course of attempting to collect a debt from the plaintiff, a consumer, in violation of certain provisions of the FDCPA. A supplemental claim arises under New York General Business Law ("NY GBL") § 349 (deceptive acts and practices). The plaintiff is seeking a monetary award for damages, attorneys' fees and costs; a declaration that the defendant's practices violate the FDCPA; and an injunction prohibiting the defendant from further engaging in the practices described in this complaint.

JURISDICTION

2.   Jurisdiction of the court exists pursuant to 15 U.S.C. § 1692k(d), in that this dispute predominantly involves violations of the FDCPA, which occurred less than one year prior to the commencement of this action; and under 28 U.S.C. § 1331, in that this action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim

pursuant to 28 U.S.C. § 1367, as it is so related to the predominant federal claim that it forms part of the same case or controversy under Article III of the United States Constitution. Declaratory relief is available under 22 U.S.C. § 2201(a). Further necessary or proper relief based on a declaratory judgment is available under 22 U.S.C. § 2202. Injunctive relief is available under NY GBL § 349(h).

## VENUE

3.     Venue in this district is proper because the plaintiff resides in this district; the defendant resides and transacts business in this district; and all of the acts complained of herein occurred in this district.

## PARTIES

4.     Plaintiff, MICHAEL W. SCHOOLMAN ("Plaintiff"), is a natural person who resides, and at all relevant times resided, at 8 Bailey Hollow Road, Stony Brook, in the Town of Brookhaven, Suffolk County, New York.

5.     As a natural person allegedly obligated to pay a debt, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

6.     Defendant, FORSTER & GARBUS LLP ("Defendant"), is a domestic limited liability partnership, organized under the laws of the State of New York, that regularly engages in the collection of debts, and whose principal place of business is located at 60 Motor Parkway, Commack, in Suffolk County, New York.

7.     As Defendant uses the mails and other instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts, and Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, Defendant is a "debt collector" as that term defined in 15 U.S.C. § 1692a(6); and

the alleged debt Defendant attempted to collect from Plaintiff, which conduct is at the heart of this complaint, comprises an alleged obligation of Plaintiff to pay money arising out of a transaction or transactions, in which the money that is the subject of the transaction(s) was primarily for personal, family, or household purposes, and is, therefore, a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

8. Defendant commenced a civil action against Plaintiff on behalf of Defendant's client, Citibank, N.A., in which it is alleged that Plaintiff defaulted in paying a debt involving a consumer credit card issued by Citibank, N.A.

9. Annexed "Exhibit 1" is a copy of the summons and complaint in that action, which states that it is brought in the "DISTRICT COURT OF THE STATE OF NEW YORK, COUNTY OF SUFFOLK, 1ST DISTRICT, BABYLON," a non-existent court. The said summons and complaint were actually filed in the Second District Court of Suffolk County, located in the Village of Lindenhurst, in the Town of Babylon, Suffolk County, New York, under index No. CV-050882-16/BA.

10. The summons further states that "THE BASIS OF THE VENUE IS: A DEFENDANT RESIDES IN THE COUNTY OF SUFFOLK THE TRANSACTION TOOK PLACE IN THE COUNTY OF SUFFOLK."

11. The summons also lists Plaintiff's correct address in the Town of Brookhaven: "8 BAILEY HOLLOW RD, STONY BROOK NY 11790-1502."

12. New York's Uniform District Court Act ("UDCA") § 301 requires that:

> **§ 301. Transitory actions; venue.**
> An action, other than an action to establish a mechanic's lien on real property, shall be brought:

  (a) in the district in which one of the parties resides at the commencement thereof; or

  (b) if no party then resides in such district, in the district in which one of the parties has regular employment or a place for the regular transaction of business; or

  (c) if no party has such employment or place of business within such district, in the district in which the cause of action arose; or

  (d) if none of the foregoing are applicable, in any district.

13. There is no mechanism in the law allowing Defendant to file a lawsuit in a district in which Plaintiff has no connection, particularly that district located furthest from Plaintiff's residence, when no other party is located in that improper district, and no transaction is alleged to have occurred therein. Defendant violated the law and rules of the State of New York by bringing its action in said improper district, and did so for the purpose of unfairly burdening and confusing Plaintiff.

14. The correct and proper venue, based upon Plaintiff's residence is the District Court of the County of Suffolk, Sixth District, which is located in the Village of Patchogue, in the Town of Brookhaven.

15. Plaintiff's residence is, and at all times was, located within the Sixth District. Plaintiff also works from his home in Stony Brook, New York, in the town of Brookhaven, and has no ties to the Second District, which encompasses the Town of Babylon.

16. According to the summons and complaint ("Exhibit 1"), the address of Defendant's client, the plaintiff in said action, is "701 E 60 ST N, SIOUX FALLS SD 57117," and said party has no nexus to any district of Suffolk County.

17. On information and belief, it is a common practice of Defendant to file lawsuits against New York consumers in an incorrect and improper venue; and said practice has the effect of burdening and inconveniencing consumers. Said practice also often results in default judgments being awarded to Defendant's clients based on the failure of consumers to appear in the improper venue selected by Defendant.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

18. Plaintiff repeats, reiterates, re-alleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 17 above with the same force and effect as if fully set forth herein.

19. Defendant willfully and knowingly violated 15 U.S.C. §§ 1692i(a)(2)(B), 1692e(10) and 1692f generally, based on the following acts or omissions:

(a) By bringing a legal action against Plaintiff in a judicial district or similar legal entity in which Plaintiff did not reside at the commencement thereof, and in which the contract sued upon, if any, was not signed, i.e., the Second District of Suffolk County;

(b) By using a false representation or deceptive means to collect or attempt to collect a debt, in that Defendant falsely represented the basis of venue in its summons;

(c) By using a false representation or deceptive means to collect or attempt to collect a debt, in that Defendant falsely misidentified the court in which the action was brought in its summons; and

(d) By using unfair or unconscionable means generally to collect or attempt to collect a debt from Plaintiff.

20. As a result of Defendant's violations of the FDCPA, as set forth and described herein, Defendant is liable to Plaintiff for actual damages sustained by Plaintiff to be determined by the court; for such additional damages as the court may allow, but not exceeding $1,000.00; and for the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1692k(a). Plaintiff is also entitled to a declaration that Defendant's conduct violates the FDCPA; and an injunction prohibiting Defendant from commencing actions in the incorrect venue, and from misidentifying any court in which it files actions.

<u>SECOND CLAIM FOR RELIEF</u>
(Violations of NY GBL § 349)

21. Plaintiff repeats, reiterates, re-alleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 20 above with the same force and effect as if fully set forth herein.

22. Section 349 (a) of the New York General Business Law provides that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

23. The Defendant's conduct complained of in this complaint is willful and occurred during, and in furtherance of, Defendant's business of attempting to collect debts from consumers in the State of New York.

24. Defendant's acts and practices are directed entirely at consumers as reflected in its correspondence and advertisements. Defendant's acts and practices have a broad impact on New York consumers and the public generally.

25. Defendant's offending debt-collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way, because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of default judgments, personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that federal and state consumer protection laws are designed to prevent.

26. The acts and omissions complained of in this complaint under the preceding claim for relief amount to "deceptive acts and practices" as defined under NY GBL § 349 and the case law interpreting it.

27. Some or all of the FDCPA violations alleged in this complaint amount to per se violations of NY GBL § 349.

28. As a result of Defendant's deceptive acts and practices, Plaintiff has suffered actual damages as alleged herein.

29. As a result of the said violations of NY GBL § 349, Plaintiff is entitled to recover actual damages, three times the actual damages up to $1,000.00, and costs and attorney's fees, as well as an injunction prohibiting Defendant from further engaging in the unlawful practices described herein, pursuant to NY GBL § 349(h).

## PLAINTIFF'S ACTUAL DAMAGES

30. Plaintiff suffered actual damages, which include attorney's fees, emotional distress, loss of tranquility, hostility, anxiety, worry, fear, fright, shock, lost concentration, stress, and injury to reputation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a. On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a);

b. On the SECOND CLAIM FOR RELIEF (NY GBL § 349), actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorney's fees pursuant to NY GBL § 349(h); and

c. Such other and further relief as this Court may deem just and proper.

Plaintiff further requests a declaratory judgment pursuant to 22 U.S.C. § 2201(a), declaring Defendant's practices of commencing actions against consumers in incorrect venues,

and misidentifying the court in which Defendant commences any action in the summons or other papers filed therein, to be in violation of the FDCPA.

Plaintiff further requests the issuance of an injunction pursuant to 22 U.S.C. § 2202 and NY GBL § 349(h), prohibiting Defendant from engaging in the above-described practices.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 (b), plaintiff, MICHAEL W. SCHOOLMAN, demands a trial by jury trial as to all issues so triable.

Dated: Massapequa Park, New York
November 7, 2016

/s/ Michelle Murtha
Michelle Murtha, Esq. (MM5055)
MURTHA LAW GROUP, LLC
*Attorneys for Plaintiff*
4940 Merrick Road # 102
Massapequa Park, New York 11762-3803
mm@murthalawgroup.com
(631) 721-3396